McKean, Chief Justice.
The rule of computing interest must be such, that the interest of money paid in, before the time, must be deducted from the interest of the whole sum due at the time appointed by the instrument for making the payment. For instance, a bond to pay 100?. with annual interest at six per cent., and at the end of six months, 50?. is paid in. This payment shall not be apportioned, 3?. to the discharge of the half-year’s interest, and 47?. to the diminution of the principal ; so as to calculate the remaining interest at six per cent, upon -53?. for six months : but the interest shall be charged at the end of the year upon the 100?. ; the payment of 50?. shall then be deducted from the aggregate sum of 106?. and the obligor receive a credit for 1?. 10s. as interest of 50?. for six months. (a)

 See Penrose v. Hart, post, p. 378; Commonwealth v. Miller, 8 S. & R. 458; Smith v. Shaw, 2 W. C. C. 167.[1]

 Tracy v. Wikoff was formally overruled, in Spires v. Hamot, 8 W. & S. 18. The court say, that it had long ceased to be authority, That it is as unfounded in principle, as it is in authority; for, calculating interest on payments, the debt would, in course of time, be discharged, both principal and interest, by payment of interest only. The rule established by all other decisions is, that a partial payment is to be applied to the interest, in the first place, and in the second, to the principal. The reason is, that, though interest may be reserved, to be paid yearly, half-yearly or quarterly, it accrues from day to day, and not, like rent, from year l< year-